IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3229-F

TERRY JOEL BURGESS, )
Plaintiff, )
v. ) ORDER
BRUCE KELLY HAMM, *et al.*, )
Defendants. )

On November 10, 2011, Terry Joel Burgess ("Burgess" or "plaintiff"), an inmate in the custody of the State of North Carolina proceeding pro se, filed this action against defendants Bruce Kelly Hamm, Brenda Dudley, Tezra Egleton, and Ricky Woods alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. On April 5, 2012, the court entered its initial order [D.E. # 5] on frivolity review of plaintiff's complaint pursuant to 28 U.S.C. § 1915.

Upon reviewing the complaint, the court determined that the core of plaintiff's allegations, that defendants unconstitutionally denied him the opportunity to participate in his preferred educational opportunities, had already been the subject of a prior complaint in this court. See Order [D.E. # 5] 2-3 (citing Burgess v. Hamm, *et al.*, No. 5:10-ct-3170-BO). As the court noted, plaintiff's previous case was dismissed because "[t]here is no constitutional right to participate in educational programs while incarcerated." Order 1, 5:10-ct-3170-BO (Feb. 4, 2011). Moreover, the court noted, plaintiff's appeal of that prior judgment was dismissed. Accordingly, the court found that, to the extent plaintiff's new complaint presented some variant of his prior claims, such claims, for the same

reasons previously articulated, were frivolous. Furthermore, the court determined that the similar claims raised in the new complaint were barred by the doctrine of *res judicata*. See Order3 (citing United States v. Tohono O'Odham Nation, 131 S.Ct. 1723, 1730 (2011)). Accordingly, the court dismissed plaintiff's claims "concerning his denial of access to the distance education program at Lenoir Community College." Id. The court also noted that plaintiff's complaint arguably, if vaguely, presented allegations of retaliation. It was not clear to the court "whether plaintiff intended to present these allegations as additional claims of constitutional violations or as context for the allegations supporting his claims concerning denial of educational opportunities." Id. at 3-4. Thus, the court ordered plaintiff to file an amended complaint to "clarify the basis for his claims that he was subjected to retaliation and excessive punishment and further particularize his allegations respecting those claims." Id. at 4.

On April 26, 2012, plaintiff filed a response to the court's order, which he captions as a "Motion to Amend the Judgment pursuant to Rule 60(b) of the Federal Rules of Civ. Proc." [D.E. # 7]. The "motion" seeks amendment of the court's April 5, 2012, order, ostensibly on the basis that this court erred in concluding that petitioner's claims are subject to dismissal as frivolous or barred by *res judicata*. Plaintiff has not submitted an amended complaint particularizing his retaliation allegations, as instructed by the court. This motion is ripe for ruling.

As an initial matter, the court must disabuse plaintiff of the notion that his "motion" is properly before the court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. By its own terms, Rule 60(b) provides a mechanism for seeking relief "from a final judgment, order, or proceeding . . . ." Because the court did not dismiss plaintiff's complaint in its entirety, the prior order was not a final order but was, instead, an interlocutory order. See American Canoe Ass'n v.

Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003). Rule 60(b) is not a viable mechanism for seeking relief from an interlocutory order. Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469-70 (4th Cir. 1991). Rather, Rule 54(b) is the appropriate authority for seeking relief from an order such as that entered by the court. Rule 54(b) provides as follows:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Thus, if plaintiff's "motion" is at all cognizable, it only so as a motion under the authority of Rule 54(b). As plaintiff is an inmate proceeding pro se, the court will construe his "motion" as one pursuant to Rule 54(b) rather than deny it outright as improper pursuant to Rule 60(b).[1]

Even subjecting plaintiff's motion to the less rigorous standards of Rule 54(b), the "motion" is still due to be denied. Plaintiff does not argue that there has been an intervening change in law or that there is "additional evidence" tending to show that his claims are not frivolous or barred by *res judicata*. Instead, plaintiff presents a vague, conclusory, and attenuated argument which appears to ultimately contend that the court has erred because 1) his "right to education" and "free

---

[1] This distinction actually is a benefit to plaintiff. Rule 54(d) itself does not provide a standard to apply in considering a motion for relief from an interlocutory order. However, the standard typically applied by courts to such motions is more permissive than that applicable to Rule 60(b) motions. See American Canoe Ass'n, 326 F.3d at 514-15. Generally, "[c]ourts will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." Akeva, L.L.C. v. Adidas America, Inc., 385 F. Supp.2d 559, 565-66 (W.D.N.C. 2005).

association" claims are not frivolous because those rights, even if not independently grounded in the Constitution, are rights created by state law which have been denied without due process of law[2] and 2) his claims are not barred by *res judicata* because the Court of Appeals did not adjudicate his appeal of the judgment dismissing his previous case on the merits.[3] Plaintiff also asserts that *res judicata* does not apply because his prior case was dismissed without his having had an opportunity to amend his complaint in that case to correct any defects that might have caused its dismissal. Pl.'s Mot. [D.E. # 7] 8-9.

Plaintiff's arguments are without merit and he has therefore failed to state any viable basis for relief from this court's interlocutory order. To begin with, to the extent plaintiff now attempts to characterize his "right to education" and "free association" claims as procedural due process claims, he has failed to state a claim upon which relief could be granted. To succeed on a procedural

---

[2] The court is paraphrasing plaintiff's argument. Plaintiff articulates it as follows:

> In [the instant case plaintiff] . . . re-filed a civil complaint against the, same defendants, based upon the same content, but showing vaguely where certain rights complaint of; where protected by substantive laws passed by legislation which, by reason of the enabling statutes regarded the, quasi-mandates of administrative authorities that, protected Plaintiff's "substantive due process rights" that were created by its own force, by way of "procedural due process," could defendants deny such rights which are thrusts by "Due Process" of the Fifth and Fourteenth Amendments U.S. Constitution. . . .
>
> Plaintiff's right to, education and legal rights to "freely Associate" with members of the public is not, without substance to the fact that; penologically Plaintiff Burgess does have an executive right to both.

Pl.'s Motion [DE. # 7] 4-5.

[3] Again, the court is paraphrasing plaintiff's argument. In his own words, he ultimately contends that "[a]s indicated in the Appellate Court's unpublished Opinion [in plaintiff's prior case,] Plaintiff's appeal was denied as untimely filed: not upon the merits as required under, res judicata doctrine." Pl.'s Motion [D.E. # 7] 9. Plaintiff attributes this untimely filing to some imagined error by court staff and his own failure to argue "mailbox rules" at the Court of Appeals. Id. at 3-4.

due process claim, plaintiff "must show that: he was denied a liberty interest protected by the Due Process Clause, an interest that can arise from either the Constitution itself or from state laws or policies; this denial imposed on him an atypical and significant hardship . . . in relation to the ordinary incidents of prison life; and the process that the state prison employed was constitutionally inadequate." Lovelace v. Lee, 472 F.3d 174, 202 (4th Cir. 2006) (citations and quotations omitted). Even if the court were to assume that North Carolina somehow created some liberty interest in enacting prison correspondence education programs, plaintiff's claim still fails. As the Supreme Court has made clear, the liberty interests protected by procedural due process "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In no sense can it be said that defendants' alleged refusal to allow plaintiff to enroll in his desired correspondence program imposed any "freedom from restraint" or other "atypical and significant hardship" beyond "the ordinary incidents of prison life." Id. Thus, to the extent plaintiff attempts to characterize his "right to education" and "free association" claims as procedural due process claims, the claims remain frivolous.

The court also did not err in concluding that plaintiff's claims, even if construed as procedural due process claims as he now urges, are barred by *res judicata*. "Res judicata or claim preclusion bars a party from suing on a claim that has already been 'litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action.'" Ohio Valley Environmental Coalition v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009) (quoting 18 James

Wm. Moore, *et al.*, Moore's Federal Practice § 131.10(1)(a) (3d ed. 2008)). Plaintiff readily concedes that both of his actions are predicated on the same facts. See Pl.'s Mot. [D.E. # 7] 2 (stating that plaintiff's prior case related "to the same nature of allegations regarding his particularized right to education and to 'freely associate' with the general public" that he alleges in the instant complaint); id. at 4 (explaining that in the instant case, plaintiff "re-filed a civil complaint against the, same defendants, based upon the same content"). As such, to the extent plaintiff's current "due process" claims or the theory he argues to support such claims somehow differ from the claims dismissed in his prior complaint, he could have asserted such claims or theories in his prior action and is barred from asserting them in this action.

Plaintiff's complaint that his prior suit was dismissed by the court *sua sponte* during screening without affording him an opportunity to amend the complaint is unavailing. The court's summary dismissal as part of its required screening under § 1915 was lawful and is entitled to preclusive effect. See, e.g., Lewis v. Suthers, 2012 WL 1564132 *1 (7th Cir. May 4, 2012) (citations and quotations omitted) ("Lewis contends that the dismissal of his first lawsuit at screening deprived him of his 'day in court' and thus cannot have been on the merits. But district courts have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. And the fact that a case is dismissed at screening need not prevent it from having preclusive effect in a subsequent case.") (unpublished decision). Finally, the fact that plaintiff failed to timely file his appeal, which resulted in the untimely appeal being dismissed for lack of jurisdiction rather than on the merits, is also immaterial. First, it appears that plaintiff's description of the relevant events surrounding his filing of the notice of appeal in his previous case is either incorrect or deliberately misleading. As the Court of Appeals found when it dismissed

plaintiff's appeal, plaintiff had "thirty days after the entry of the district court's judgment or order to note an appeal." Burgess v. Hamm, 433 F.App'x 206, 207 (4th Cir. 2011). The court entered its order and judgment on February 4, 2011, and plaintiff's "notice of appeal was filed, at the earliest, on March 17, 2011." Id. In his motion for relief, plaintiff asserts that he "had given his 'notice of appeal' and 'motion to reconsider' to Scotland Correctional, Sergeant Braunson and Sergeant Stephens on the 13th of March 2011." Pl.'s Mot. [D.E. # 7] 3. However, the notice of appeal was signed and dated by plaintiff, as noted by the Court of Appeals, on March 17, 2011, and wasn't postmarked until March 23, 2011. See Notice of Appeal [D.E. # 10], Burgess v. Hamm, *et al.*, No. 5:10-ct-3170-BO. Thus, the notice of appeal was "filed," at the earliest, on March 17, 2011, well after the thirty day period in which plaintiff could have noticed his appeal had expired. This court acted as a "competent court" in dismissing plaintiff's prior suit, and his failure to timely file an appeal does not immunize plaintiff's second suit concerning the same subject matter from the preclusive effect of *res judicata*.

For all of the reasons given above, plaintiff's "Motion to Amend the Judgment" [D.E. # 7], construed by this court as a motion pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, is DENIED. Because plaintiff has failed to file an amended complaint particularizing his vague retaliation allegations in his original complaint, as he was ordered to do by this court on April 5, 2012, the court finds that plaintiff either did not intend to allege any discrete retaliation claims or that, in the alternative, he has abandoned such claims. Accordingly, the complaint is DISMISSED in its entirety for failure to state a claim upon which relief could be granted and failure to prosecute or abide by the orders of the court and abandonment of claims. Plaintiff's miscellaneous "Motion for an Order to File Documents by Electronic of Facsimile Through Case Manager at Facility of

Housing Pursuant to Rules 5.2; 7.1, and 77.2 (j)" [D.E. # 8] is DENIED as moot. The Clerk is DIRECTED to close this case.

SO ORDERED. This the 27th day of August, 2012.

James C. Fox

JAMES C. FOX
Senior United States District Judge