IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3229-F

| | | |
|---|---|---|
| TERRY JOEL BURGESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BRUCE KELLY HAMM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on several post-judgment motions filed by plaintiff. On August 27, 2012, the court entered an order [D.E. # 9] dismissing this matter due to plaintiff's failure to state a claim upon which relief could be granted and failure to abide by the orders of the court. On September 12, 2012, the court entered an order [D.E. # 13] denying two post-judgment motions filed by plaintiff, including his "Motion for a Restraining Order for up to One-Twenty Days (120) pursuant to Local Rule 77.2(j) Fed. R. Civ. P. Rule 65" [D.E. # 11], and a motion [D.E. # 12], filed on August 31, 2012, which the court construed as a motion to alter or amend the court's judgment pursuant to Fed. R. Civ. P. 59(e).[1] Plaintiff has since filed five additional motions, each of which the court will consider in turn.

---

[1] Plaintiff's August 31, 2012, motion was in the form of a letter. In the letter, plaintiff argued that the court erred in finding that he had failed to comply with a previous order that he file an amended complaint. Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a motion to alter or amend a court's judgment "must be filed no later than 28 days after the entry of judgment." Because plaintiff filed his motion approximately five days after the court entered its judgment, the court treated his claim of error as a motion to alter or amend the court's judgment pursuant to Rule 59. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 411 (4th Cir. 2010).

I.  Plaintiff's "Motion for a New Trial; pursuant to Fed. R. Civ. P., Rule 59(a)(2)."

Plaintiff filed his "Motion for a New Trial; pursuant to Fed. R. Civ. P., Rule 59(a)(2)" [D.E. # 14] by signing it and placing it in the prison mailing system on October 14, 2012. See Pl.'s Mot. [D.E. # 14] 34. With this motion, plaintiff expressly seeks "a 'new trial' pursuant to Fed. R. Civ. Proc., Rule 59(a)(2), from the courts order, entered on the 27th of August 2012[], and its order entered on 9/12/12[]." Id. at 1. To the extent plaintiff's "motion" is actually predicated on Rule 59(a)(2), it is plainly due to be denied. Rule 59(a)(2) provides the authority for a court, after it has conducted a nonjury trial, to "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." This court dismissed plaintiff's complaint on frivolity review and denied his subsequent motion to alter or amend the court's judgment. The court did not conduct a nonjury trial. Thus, Rule 59(a)(2) is simply inapplicable.

Plaintiff's motion is most naturally construed as a second motion to alter or amend judgment because he once again presents a lengthy and convoluted argument that the court has erred in dismissing his complaint. However, because the "motion" was filed more than twenty-eight days after judgment was entered, it may not be considered under Rule 59(e). Instead, the only mechanism for obtaining relief from a final judgment entered more than twenty-eight days prior is a motion for relief from judgment pursuant to Rule 60(b). Importantly, Rule 60(b) is not a substitute for appeal. Aikens v. Ingram, 652 F.3d 496, 502 (4th Cir. 2011). That is, if plaintiff believes this court committed legal error–which it did not–his remedy would have been to file an appeal of the court's judgment, not to pursue simple error correction by the filing of the instant "Motion for a New Trial; pursuant to Fed. R. Civ. P., Rule 59(a)(2)." Id. Plaintiff has not filed any notice of appeal of this

court's August 27, 2012, judgment, and the time for filing such has long since passed. See Fed. R. App. P. 4(a)(1)(A).[2] In any event, plaintiff's continued assertion that the court erred in dismissing his complaint can only conceivably bring him within two of the various grounds that can support a motion for relief from judgment. See Fed. R. Civ. P. 60(b)(1) & (6). To the extent the motion could be construed as one requesting relief from judgment on the basis of "mistake" pursuant to Rule 60(b)(1), for all of the reasons set forth in the court's order [D.E. # 13] denying plaintiff's prior Rule 59(e) motion, there was no "mistake" which warrants altering, amending, or reconsidering the court's judgment. To the extent the motion could be predicated on Rule 60(b)(6)'s equitable reservoir permitting relief for "any other reason that justifies relief," plaintiff has clearly failed to demonstrate the "extraordinary circumstance" required for a grant of such relief. Reid v. Angelone, 369 F.3d 363, 370 (4th Cir. 2004). Because there is no viable basis for granting plaintiff relief from judgment pursuant to Rule 60(b), his "Motion for a New Trial; pursuant to Fed. R. Civ. P., Rule 59(a)(2)" [D.E. # 14] is due to be denied.

II. Plaintiff's "Motion for Judgement on the Pleadings."

Plaintiff filed his "Motion for Judgement on the Pleadings" [D.E. # 15] on November 27, 2012. In the motion, he states, "[p]ursuant to Fed. R. Civ. P., Rule 12(c), Plaintiff Burgess asks this Court for judgement on, Plaintiff's Motion for a New Trial under; Fed. R. Civ. P., Rule 59(a)(2) (D.E. No. 14) that was submitted pursuant tot Title 28 U.S.C. 1746 on October 14, 2012." Pl.'s Mot. [D.E. # 15] 6. To the extent plaintiff purports to seek judgment on the pleadings pursuant to Rule

---

[2] Even if plaintiff's "Motion for a New Trial; pursuant to Fed. R. Civ. P., Rule 59(a)(2)" is construed as a motion pursuant to Rule 60(b), plaintiff signed the motion and submitted it for mailing on October 14, 2012, more than thirty days after the court entered its order denying what the court had previously construed as his Rule 59(e) motion. See Fed. R. App. P. 4(a)(4)(A).

3

12(c), the motion is due to be denied because that provision is applicable exclusively to pretrial dispositive motions. There can be no judgment on the pleadings after a case has already been summarily dismissed on frivolity review. To the extent plaintiff's "Motion for Judgement on the Pleadings" ostensibly requests only that the court rule on his "Motion for a New Trial; pursuant to Fed. R. Civ. P., Rule 59(a)(2)" [D.E. # 14], the court has now ruled upon such motion, as set forth above. Accordingly, plaintiff's "Motion for Judgement on the Pleadings" [D.E. # 15] will be denied.

III. Plaintiff's Motion to Appoint Counsel.

On December 29, 2012, plaintiff sent a letter, addressed to Chief United States District Judge Dever, alleging bias on the part of the undersigned, complaining about the handling of his case, and requesting that Chief Judge Dever reopen plaintiff's case and "appoint counsel under Title 28 U.S.C. § 1915(e)(1)." Pl.'s Mot. [D.E. # 16]. To the extent the motion may also be construed as yet another motion for relief based upon the court's rulings in this matter, the court again notes that plaintiff's remedy for purported errors in disposing of his case is a timely appeal of the court's judgment, not an extrajudicial request for intervention by another judge of this court. Plaintiff did not appeal the court's judgment.

In addition, to the extent plaintiff's letter to Judge Dever may be construed as a motion for the appointment of counsel, the motion is due to be denied. Although 28 U.S.C. § 1915(e)(1) authorizes the court to "request an attorney to represent any person unable to afford counsel," there is no constitutional right to counsel in civil cases, and a court should exercise its discretion to "request" counsel for pro se civil litigants "only in exceptional" circumstances. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); see Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296

4

(1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant. 739 F.2d at 163 (quotation omitted). The court first finds that, as this case has been dismissed on frivolity review, there is no need for the appointment of counsel. Furthermore, considering the nature of the claims plaintiff presented and his demonstrated ability to articulate his claims, there are no exceptional circumstances warranting the appointment of counsel. Accordingly, to the extent plaintiff's letter is construed as a motion to appoint counsel [D.E. # 16] it will be denied.

IV.  Plaintiff's Motion to Join Defendants to the Existing Action under Fed. R. Civ. P. 19(a)(b).

Plaintiff submitted a letter, addressed to the Clerk of Court, on February 5, 2013. In the letter, plaintiff vaguely alleges that he is suffering retaliation for his filing of grievances and that his legal mail is subjected to tampering by prison staff. See Letter [D.E. # 17] 1. He then requests that the Clerk issue an order, "pursuant to Fed. R. Civ. P., Rule 5(b)(2)(E) and 5(d)(3), E.D.N.C. Local Rule 5.2," requiring "Mr. Barnes, Case Manager to allow me to file via facsimile transmission; each Thursday at least one motion." Id. To the extent plaintiff is requesting that this court enter an order instructing officials in state court to accept plaintiff's motions, by any means, the motion must be denied as the court lacks the authority to render any such order. Plaintiff also requests "leave to join defendant's to the existing action under Fed. R. Civ. P. Rule 19(a), (b)." Id. To the extent this request may be construed as a motion requesting joinder of defendants in plaintiff's dismissed federal civil action, the motion is due to be denied because plaintiff's action was dismissed during frivolity screening and, even if joinder of defendants pursuant to Rule 19 were somehow appropriate or feasible at this juncture, plaintiff fails to even name any defendant whom he would have so joined in this action. To the extent plaintiff's letter [D.E. # 17] presents any motion for the court's

5

consideration, it will be denied.

V.      Plaintiff's "Motion for a Preliminary Injunction to Restrain Intrusion Into Mail (Legal) Fed. R. Civ. P., Rule 65(a)."

Plaintiff's final motion, styled "Motion for a Preliminary Injunction to Restrain Intrusion Into Mail (Legal) Fed. R. Civ. P., Rule 65(a)" [D.E. # 18], was submitted by him on March 7, 2013. In the motion, he requests issuance of a "preliminary injunction to 'RESTRAIN INTRUSION or PROHIBIT INTRUSION INTO THE TRANSMISSION OF PLAINTIFF'S LEGAL MAIL' without an 'Administrative Search Warrant' issued from a Federal Magistrate." Pl.'s Mot. [D.E. # 18]. In support of this request, plaintiff complains about purported violations of prison policy on the opening of legal mail occurring in February of 2013, and surmises that his future legal mailings will be subject to illicit inspection or confiscation. Id. at 2-3. Plaintiff's motion is unrelated to the subject matter of his original, and long since dismissed, federal complaint. To the extent plaintiff perceives some constitutional violation inhering in the purported mistreatment of his legal mail, he may commence a separate federal lawsuit concerning those alleged events. He may not file a motion to restrain such activities in this unrelated, and closed, federal civil action. Plaintiff's "Motion for a Preliminary Injunction to Restrain Intrusion Into Mail (Legal) Fed. R. Civ. P., Rule 65(a)" [D.E. # 18] will be denied.

VI.     Conclusion

For all of the foregoing reasons, it is ORDERED as follows:

a.      Plaintiff's "Motion for a New Trial; pursuant to Fed. R. Civ. P., Rule 59(a)(2)" [D.E. # 14] is DENIED;

b.      plaintiff's "Motion for Judgement on the Pleadings" [D.E. # 15] is DENIED;

6

c.     plaintiff's motion to appoint counsel or request for other miscellaneous relief [D.E. # 16] is DENIED;

d.     plaintiff's motion to join defendants to the existing action under Fed. R. Civ. P. 19(a)(b) or request for other miscellaneous relief [D.E. # 17] is DENIED; and

e.     plaintiff's "Motion for a Preliminary Injunction to Restrain Intrusion Into Mail (Legal) Fed. R. Civ. P., Rule 65(a)" [D.E. # 18] is DENIED.

SO ORDERED. This the 1st day of April, 2013.

_James C. Fox_
JAMES C. FOX
Senior United States District Judge