IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3229-F

| | |
|---|---|
| TERRY JOEL BURGESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| BRUCE KELLY HAMM, et al., ) | |
| ) | |
| Defendants. ) | |

Before the court is plaintiff's motion [D.E. # 20], in letter form, in which he appears to seek reconsideration or relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The court has previously denied several post-judgment motions for relief filed by plaintiff. See Orders [D.E. # 13, 19]. The instant motion expresses plaintiff's contrition about the tone and content of some of his previous filings and once again requests that the court "re-open [his] case under Rule 60(b) so [he] can better explain to the court, procedural due process." Pl.'s Mot. [D.E. # 20] 1. As this court has previously determined, see Order [D.E. # 19] 2-3, there is no circumstance warranting relief from the court's judgment in this case pursuant to Rule 60(b), and the instant letter does not provide any additional ground for the court's consideration. Thus, to the extent plaintiff's letter is intended as yet another request for Rule 60(b) relief from judgment, the motion [D.E. # 20] is without merit and is DENIED.[1]

---

[1] Petitioner's letter arguably is not a Rule 60(b) motion but is, instead, a request for an extension of time to file such a motion. See Pet'r's Mot. [D.E. # 20] at 1 ("The actuality of Rule 15,
(continued...)

SO ORDERED. This the 1[^1] day of May, 2013.

                        *James C. Fox*
                        JAMES C. FOX
                        Senior United States District Judge

---

[^1]: (...continued) if your discretion allows me an extension of time of (19) extra-days. I'll support the Rule 60(b) and, attempt, to illustrate with the statute how they (defendants) violated my 'procedural due process rights' under the 5th and 14th Amendments."). To the extent petitioner indeed intended only to request a nineteen day extension of time in which to "support" his Rule 60(b) motion, the court notes that such a request is unnecessary because Rule 60(b) is subject only to a one-year period of limitations from the date of final judgment for motions predicated on subsections (1)-(3) of the Rule. See Fed. R. Civ. P. 60(c). Subsections (4)-(6) of the Rule do not have a timing requirement relative to the entry of final judgment. One year from the entry of final judgment will not occur in the next nineteen days. In any event, for the reasons stated in the court's prior orders, plaintiff has not yet articulated any viable basis for relief from judgment under the Rule, and any renewed attempt to state a "procedural due process" claim on the basis of the facts previously alleged by plaintiff would be without merit and barred by *res judicata*.